Joseph MELISI, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 60–C–41.

United States District Court
E. D. New York.

Oct. 5, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Malvern Hill, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

H. Elliot Wales, New York City, for the plaintiff.

RAYFIEL, District Judge.

These are cross motions for summary judgment. The plaintiff sues under Section 405(g) of Title 42 U.S.C.A. for the review of a decision of the Secretary of Health, Education and Welfare, denying ·his application for the establishment of a period of disability and for disability insurance benefits.

The Secretary, in accordance with the statute, has filed a certified copy of the transcript of the record in this case which includes all of the evidence upon which the findings and decision of the Department are based. Included in the record is a transcript of the testimony taken at the hearing before the Referee, together with his decision.

The record reveals that the plaintiff was born in Italy on July 30, 1895. He completed five grades of school there, and then worked on farms. In 1912 he came to the United States, where, for about a month, he worked in a factory in which buttons were manufactured. He later obtained employment as a laborer on various railroads and construction jobs, including subway construction. He served in the United States Army in World War I. In or about 1951 his right knee, which had been injured when he was a small child, commenced bothering him, and he was advised by a doctor to discontinue his work because of its ar-duous nature. He then obtained employment as a porter and elevator operator in various buildings in New York until 1957. His last regular employment as a porter and elevator operator was terminated by reason of the conversion of the elevators in the building in which he worked from manual operation to self-service. He then obtained temporary employment for short periods of time, after which, as he testified, he was unable to obtain employment because of his crippled right leg. At that time he made application for and received New York State unemployment insurance benefits. He also was granted a non-service-connected disability pension by the Veterans Administration.

The medical reports included in the record show that the plaintiff is suffering from osteoarthritis and a valgus deformity of the right knee. He walks with a limp of the right leg, with his foot in an equinovarus position, resting his weight on his toes, since he was unable to place his heel on the ground. His right knee remains flexed, and has a marked bent deformity with lateral restriction. However, he is able to flex the knee 30 degrees, and can extend it 150 degrees. He takes no medication for pain, not even aspirin, and walks without the aid of a stick or cane. He testified that the pain in his right knee is so severe that he is unable to stand on it for long periods of time. The record also indicates that he suffers from hypertension.

The Referee found that there was insufficient evidence "to demonstrate that claimant's (plaintiff's) work was finally terminated because of 'disability' or that he could not resume employment because of the sufficient severity of his impairment." (Matter in parenthesis added.) He pointed out that the evidence failed to establish that the plaintiff's impairment had retrogressed to any appreciable extent from the condition as it existed for a number of years prior to his cessation of work. He questioned the plaintiff's assertion that he suffered severe pain in the knee, in view of the fact that he took no medication or drugs for the

relief thereof. He went on to find that "the claimant has failed to prove an inability to engage in any substantial gainful activity which he is qualified to perform by reason of his training, experience and education, by reason of any medically terminable physical or mental impairment." The Referee, therefore, denied the plaintiff's application for the establishment of a period of disability or for monthly disability insurance benefits. The Appeals Council refused to review the Referee's decision, thus making it the final decision of the Secretary of Health, Education and Welfare.

Section 405(g) of Title 42 U.S.C.A. provides that "The findings of the Secretary as to any fact, *if supported by substantial evidence, shall be conclusive* * * *." (Emphasis supplied.) Accordingly the question to be decided here is whether there is substantial evidence in the record to support the findings of the Referee.

■ Disability is defined by the Social Security Act in Section 423(c) (2) of Title 42 U.S.C.A. as follows: "The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." As pointed out in Klimaszewski v. Flemming, D.C., 176 F.Supp. 927, at page 931, "The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity."

■ In my opinion the findings and decision of the Referee are based upon *substantial evidence.* The record reveals that an examination of the plaintiff by Dr. E. E. Sheldon as far back as April 5, 1950 disclosed that his right knee joint had "deformity of the lateral condyles, absence of the lateral tibial spine, lateral displacement of the patella and marked osteoarthritic changes. These changes may be due to an old fracture in the past.

"There are also noted large calcific deposits in the lateral soft tissue."

It was at about that time that he changed his employment from that of laborer in the construction field to that of porter and elevator operator. Despite the condition of his right knee he was able to continue this type of employment for approximately seven years, and it was only after he lost his job by reason of the conversion of the elevators from manual operation to self-service that he was obliged to retire.

Accordingly, the plaintiff's motion for summary judgment is denied, and the motion of the Secretary for summary judgment dismissing the complaint is granted.

Settle order on notice.